```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF PENNSYLVANIA
```

JOSEPH ESHUN                  :
                              :    CIVIL ACTION NO. 3:15-1034
            Plaintiff         :
                              :         (JUDGE MANNION)
      v.                      :
                              :
MARCIA WELSH, *et al.*        :
                              :
            Defendants        :

# MEMORANDUM

Pending before the court is the plaintiff's motion for leave to depose two witnesses. (Doc. 32). Based upon the court's review of the motion and related materials, the plaintiff's motion will be **DENIED**.

## I.  BACKGROUND

The plaintiff, Joseph Eshun, was an Associate Professor at East Stroudsburg University's ("ESU") College of Business and Management. (Doc. 1). The plaintiff, a man of color, claims that, due to an alleged conspiracy carried out by the defendants, Marcia Welsh, Sheila Handy, and Terry Wilson, he was denied a tenured position at ESU despite having fulfilled all of ESU's requirements for tenure. (*Id.*). The plaintiff filed suit under 42 U.S.C. §1983 for violations of his Fourteenth Amendment equal protection rights. (*Id.*).

Fact discovery in this matter thereafter ensued. The discovery deadline was extended on three separate occasions by orders of this court granting joint or unopposed motions to extend the discovery period. (Doc. 11; Doc. 12; Doc. 13; Doc. 14; Doc. 15; Doc. 16). The discovery period lasted for over a year, and it concluded on December 23, 2016. (Doc. 16).

On May 26, 2017—more than five months after the discovery deadline had elapsed and eleven days after the plaintiff had filed a brief in opposition to the defendant's motion for summary judgment—the plaintiff filed the instant motion, seeking to reopen discovery to depose "two critical witnesses." (Doc. 32). Kenneth Levitt and Bonnie Green are former and current professors at ESU, respectively. In his motion, the plaintiff argues that Levitt and Green were not deposed during the applicable discovery period but nonetheless possess "firsthand knowledge of information critical to [the] [p]laintiff's case." (*Id.*). The court held oral arguments on June 28, 2017 to further explore the merits underlying the parties' assertions on the pending motion. (Doc. 44). The plaintiff's motion for leave to depose Levitt and Green has been fully briefed and is now ripe for disposition.

## II. LEGAL STANDARD

"[T]he court may, for good cause, extend the time . . . on motion after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The court has "no discretion to grant a post-deadline extension absent a motion and showing of excusable neglect." *Drippe v. Tobelinski*, 604 F.3d 778, 784 (3d Cir. 2010) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990)). The Supreme Court has noted that "the determination is . . . an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on [the] judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). *See also In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 125 n.7 (3d Cir. 1999) (holding that the *Pioneer* factors apply to all excusable neglect inquiries initiated under the Federal Rules of Civil Procedure).

## III. DISCUSSION

The plaintiff's primary argument in favor of reopening discovery centers on the fact that Levitt and Green refused to sign sworn declarations attesting to their respective versions of the facts. (Doc. 32). While the plaintiff believed throughout the discovery period that Levitt and Green would sign their declarations, the witnesses eventually became apprehensive, believing that signing declarations might cause their employer, ESU, to treat them unfavorably or retaliate against them. (*Id.*). The plaintiff therefore asserts that he was essentially blindsided by Levitt and Green's refusal to sign declarations because these witnesses only indicated their unwillingness to testify voluntarily after the defendants had already filed their motion for summary judgment. (Doc. 32).

Both Levitt and Green, however, were readily available for depositions throughout the entirety of the discovery period, and both were identified in the parties' initial disclosures under Fed. R. Civ. P. 26(a)(1). The plaintiff thus admits that he was aware of these witnesses' necessity, yet he made no effort to obtain their declarations until it was already too late. The plaintiff had ample opportunity to issue subpoenas to Levitt and Green for their testimony in this matter, but no such subpoenas were issued. In essence, this all could have been avoided had the plaintiff simply taken these witnesses' depositions prior

to the discovery deadline, which has already been extended three times. (Doc. 11; Doc. 12; Doc. 13; Doc. 14; Doc. 15; Doc. 16). Instead, the plaintiff, believing that Levitt and Green would offer favorable testimony, made a strategic decision to not subject them to cross-examination by the defendant. By the time Levitt and Green's refusal to sign sworn declarations was revealed, it was already too late to depose them. Since this inquiry easily could have been undertaken far earlier in the discovery process, however, the resulting delay was directly "within the reasonable control of the movant." *Pioneer*, 507 U.S. at 395.

Further, "the danger of prejudice to the [non-moving party]" and the "potential impact on [the] judicial proceedings" here are substantial due to the interplay between the procedural posture of this case and the timing of the plaintiff's instant motion. *Id.* The plaintiff requests leave to depose Levitt and Green after the parties have already briefed the pending motion for summary judgment and revealed their arguments either for or against summary judgment. At this phase in the proceedings, permitting the plaintiff to reopen discovery and take additional depositions could alter the entire scope of the pending summary judgment motion, requiring newly drafted briefs and statements of material facts. This additional delay and uncertainty would not only prejudice the non-moving party; it would also exacerbate the time and

expense of this litigation, which was one of the plaintiff's primary explanations for failing to depose Levitt and Green during the discovery period in the first place. (Doc. 32). The defendants should not be made to bear the costs of additional briefing and depositions simply because the plaintiff did not pursue the evidence supporting his case during the discovery period. (Doc. 37).

While the plaintiff attempts to argue that his failure to depose Levitt and Green before the discovery deadline was in part to save on litigation costs in a case where the plaintiff had lost his job, the prevailing party in a §1983 civil rights action such as this may recover reasonable attorney's fees. *See* 42 U.S.C. §1988(b). The pursuit of minimizing costs for one's clients undoubtedly is a worthy cause, but this pursuit should never excuse an attorney from his or her obligation to diligently undertake fact discovery to prove or disprove the requisite elements of the claim at issue. Here, the plaintiff notes that Levitt and Green possess "firsthand knowledge of information critical to [the] [p]laintiff's case." (Doc. 32). As a result, eliciting Levitt and Green's testimony should have been one of the plaintiff's top priorities during the discovery period.

It is noted that there is no specific evidence in this case indicating that the plaintiff failed to act "in good faith" by seeking to reopen discovery. *Pioneer*, 507 U.S. at 395. The plaintiff's apparent good faith, however, does not overcome the weight of the other circumstances at play. Specifically, "the

reason for the delay . . . was within the reasonable control of the movant," and prejudice may accrue to the defendants by turning back the clock while a motion for summary judgment remains pending. *Id.* Permitting the plaintiff to proceed with depositions during this late phase of the litigation would be akin to giving the plaintiff yet another bite at the apple long after the deadline for apple biting has passed. Thus, "taking account of all relevant circumstances surrounding the party's omission," the plaintiff has failed to demonstrate "excusable neglect," and the instant motion will be denied. *Id.*

As a final note, the plaintiff is not prejudiced because this ruling in no way forecloses his ability to subpoena the witnesses to testify at trial. In this regard, their testimony will still be available to the plaintiff.

## IV. CONCLUSION

Based upon the foregoing, the plaintiff's motion for leave to depose two witnesses will be **DENIED**. (Doc. 32). An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: July 18, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1034-01.docx